McCauley, J.
The petition in the original action stated facts which entitled the plaintiff to relief, quieting his title *371 against any claim or estate of the defendants in the lands, and also a state of fact upon which he was entitled to a decree to enforce the trust upon which the defendants held the lands. No objection was made to the petition in this form, and no action taken to require the plaintiff to elect which form of relief he would pursue.
The superior court seems to have treated the action as one to quiet title, and finding that possession was not shown in the plaintiff, gave judgment for the defendants. Treating the case as one to quiet title, the judgment was clearly correct. But, upon all that transpired on the trial, if the plaintiff was entitled to a decree enforcing the trust in the lands, the court erred in refusing t,hat relief. The first question encountered in this aspect of the case is, whether or not the testimony of Nourse was admissible; He was not a party, and therefore was under no disability to testify under Section 5242, Revised Statutes. That section provides, “ That a party shall not testify where the adverse party * * * claims or defends as heir * * * of a deceased person.” The construction given to this provision, in Hubbell v. Hubbell, 22 Ohio St., 208, is “that both the part}' disqualified and the adverse party referred to must be parties to the record, and adversely interested in the determination of the issues of fact.”
Since the construction given to this statute in Hubbell v. Hubbell, supra, it has been so amended that these words have been added to it: “ When a case is plainly within the reason and spirit of the last three sections, though not within the strict letter, their principles shall be applied.” Does this provision require that the testimony of Nourse should be excluded? If Nourse was a necessary party, although not in fact a party, it is possible that this provision would exclude his testimony. He held the lands in trust for O’Connor, and without the knowledge of O'Con-nor conveyed them to Ryan without consideration and upon the understanding that Ryan would convey to O’Connor on request. These transactions placed Ryan in the same rela *372 tion to O’Connor as that occupied by Nourse before the transfer.
Whatever trust O’Connor could have enforced against Nourse, he could enforce after the transfer against Ryan or against his heirs. The transfer from Nourse to Ryan is admitted in the answers of the defendants, — O’Connor therefore seeking to have the trust enforced by which the lands should have been conveyed to him, could have no'relief touching the title to the lands, or by way of the enforcement of the trust against Nourse. He was, therefore, not a necessary party to the action, and the reason and spirit of the statute which excludes the testimony of a party when the adverse party claims or defends as heir of a deceased person, should not apply so as to exclude his testimony.
After the deposition of Nourse had been taken, two of the heirs of Ryan were made parties, but filed no exception to the deposition at any time. The only objection was made on the trial to the competency of the evidence. If exceptions to the deposition had been filed as provided by Section 5284, Revised Statutes, the deposition could not have been read against the parties.brought into the case after the deposition was taken. No exceptions being filed, the new parties could make only such objections to the deposition as they could have made if the witness had been testifying in court. By failing to file exceptions they waived all other objections.
It is urged that though the testimony of Nourse is admissible, it cannot be used to show that a deed purporting to have been made for a stated consideration in money was, in fact, without consideration, and that the grantee held the property in trust for another.' That parol evidence for this purpose is admissible has been held in Fleming v. Donahoe, 5 Ohio, 255 ; Stall v. Cincinnati, 16 Ohio St., 169; Matthews v. Leaman, 24 Id., 615; Miller v. Stokely, 5 Id., 194.
The testimony of Nourse fulfills the requirements of the rule stated in Stall v. Cincinnati, supra, that such evidence must be clear, certain and conclusive not only of the existence *373 of the trust, but of its terms and conditions. The defense was urged also, in the court below, that O’Connor having conveyed the property to Nourse, to hinder and delay his creditors, the law would give him no aid to recover it. He conveyed the property to Nourse as indemnity against the liability of Nourse on two promissory notes of seven hundred and fifty dollars each, that Nourse gave him at the time of the transfer. What O’Connor did with the notes does not clearly appear, but he seems to have made use of them to raise money for some purpose. Nourse testifies that the notes had been negotiated, but he does not know to whom. This course of dealing with the land and with the money raised upon it as security was quite consistent with a purpose to deal fairly with his creditors; for anything that appears he may have paid the money thus realized immediately to his creditors. If his purpose was to place his property beyond the reach of his creditors, the law would leave it where he placed it; but such purpose, or acts from which such conclusion would necessarily follow, should have been proved to defeat his right to reclaim the property from those who hold it by conveyance without consideration.

Judgment affirmed.